IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY MARTILLUS LEE                                                                              PLAINTIFF

v.                          Civil No. 4:23-cv-04087-SOH-CDC

CAPTIAN RAMI COX;
JEFF BLACK; and DR. DAVIS                                                                    DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant Dr. Davis's Motion to Dismiss (ECF No. 33) along with Plaintiff's response (ECF No 46), Defendant's reply (ECF No. 48), and additional responses made by Plaintiff. (ECF Nos. 53, 54).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the Motion to Dismiss to the undersigned for the purpose of making a Report and Recommendation.

### I.     BACKGROUND

Plaintiff filed his original Complaint on September 18, 2023 in the Eastern District of Arkansas.  (ECF No. 2).  The case was transferred to this Court on September 19, 2023, (ECF No. 3), and Plaintiff's Application to proceed *in forma pauperis* (IFP) was granted on September 25, 2023.  (ECF No. 6).  Plaintiff was directed to file an Amended Complaint (ECF No. 8) and did so on October 19, 2023.  (ECF No. 9).  Plaintiff then notified the Court he had been released from custody.  (ECF No. 12).  The Court ordered Plaintiff to file a new IFP application.  (ECF No. 13). Plaintiff failed to comply by the Court's deadline of November 30, 2023.  An Order to Show Cause directed Plaintiff to show cause why he had failed to file his new IFP application.  (ECF No. 14).

On December 21, 2023, Plaintiff filed a second Notice of change of address indicating he was once again incarcerated in the Lafayette County Jail ("LCJ")[1]. (ECF No. 15).

The Court ordered service on Defendants. (ECF No. 16). Service on Defendant Davis was initially returned as having been executed (ECF No. 22); however, Defendant Davis filed a Motion to Set Aside Service of Process which was granted on February 28, 2024. (ECF No. 27). On the same date, the Court reissued service on Defendant Davis (ECF No. 28), prompting Davis to file the pending Motion to Dismiss on March 8, 2024. (ECF No. 33).

Plaintiff is currently incarcerated in the Arkansas Division of Corrections North Central Unit, but his claims stem from alleged civil rights violations while incarcerated in the LCJ in Lewisville, Arkansas during August, and September of 2023. Of importance to the analysis, Plaintiff was a convicted inmate at all relevant times. (ECF No. 9). In his Amended Complaint, Plaintiff asserts two separate claims: (1) a denial of medical care claim against Defendant Davis and Defendant Cox; and (2) a denial of adequate diet against Defendant Cox and Defendant Black. (ECF No. 9, pp. 4, 6). Neither Defendant Cox nor Defendant Black joined Defendant Davis's Motion to Dismiss, thus the only claim for discussion is Plaintiff's denial of medical care claim against Defendant Davis.

Plaintiff utilized the Court's standard 42 U.S.C. § 1983 complaint form and alleges Defendant Davis violated his federal constitutional rights when denying/delaying Plaintiff dental care. When prompted to identify the federal constitutional or statutory right that was violated by Defendant Davis, Plaintiff stated: "denial of medical or dental care and 8th Amendment right." (ECF No. 9, p. 4). Plaintiff claims he told Defendant Davis that his tooth needed extracting and

---

[1] Plaintiff's original IFP Application applied to the LCJ so no new IFP Application was necessary once he was reincarcerated in that same facility. (ECF No. 1).

that the pain caused by this tooth was interrupting his sleep. (ECF No. 9, p. 4). Plaintiff claims Defendant Davis caused him pain by denying him care for thirty (30) days before sending him to the dentist to have his tooth extracted. *Id*. Plaintiff alleges the Eighth Amendment was violated as well as the Minimum Standards for Adult Detention Facilities Section 7-1002. Plaintiff pleads "Dr. Davis was not a dentist and should have referred me to a dentist and I wouldn't had to hurt for a month before my tooth got pulled." *Id*. at 5. Plaintiff asserts the denial of medical care claim against Defendant Davis in his individual capacity only, and requests compensatory damages from Davis in the amount of $500 per day he suffered in pain before having his tooth extracted. *Id*. at 9. There is no request for punitive damages.

In his Motion to Dismiss and supporting brief, Defendant Davis argues Plaintiff merely alleges a state medical malpractice claim against Defendant Davis, failing to state a viable constitutional claim pursuant to 42 U.S.C. § 1983. Defendant Davis argues that, considering Plaintiff's failure to state a §1983 claim, the Court should decline to exercise supplemental jurisdiction over any state medical malpractice claim against Davis. (ECF No. 33). With respect to pleading, Defendant Davis argues Plaintiff must state actions or inactions by Davis that are so egregious or outrageous that they shock the conscious of the Court, describing that Plaintiff's allegations of medical negligence are insufficient to state an Eighth Amendment violation. (ECF No. 34, pp. 2-3). Defendant Davis also argues for dismissal of Plaintiff's punitive damages claims.

Plaintiff describes his claim as one pursuant to the Eighth Amendment deliberate indifference standard brought pursuant to Section 1983. (ECF No. 47, p. 1). Plaintiff pleads that Defendant Davis was deliberately indifferent to his medical needs when he denied Plaintiff a dental visit on four (4) occasions prior to sending him to the dentist (ECF No. 46, p. 1), alleging Defendant Davis knowingly prolonged Plaintiff's treatment for four weeks. (ECF Nos. 46, p. 1; 47, p. 1).

3

Plaintiff alleges he "suffered tremendously" because of Defendant Davis's deliberate indifference, and that his pain caused Plaintiff a lack of sleep and inability to eat. (ECF Nos. 46, p.; 47, p. 2).

Defendant Davis's Reply adds nothing more to the analysis, simply incorporating and reasserting the arguments in his Motion to Dismiss out of an abundance of caution and because of the way Plaintiff titled his response. (ECF No. 48). Plaintiff filed an additional response (ECF No. 53), explaining that he followed the Federal Rules of Civil Procedure to the best of his ability as a *pro se* party, and requesting that Defendant Davis's Motion be dismissed/denied with prejudice. *Id.* A subsequent response by Plaintiff reincorporated the same explanations and arguments as his earlier response. (ECF No. 54).

## II.  LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

In determining whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft,* 566 U.S. 678. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are]

4

supported by mere conclusory statements." *Id.*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. A plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*

### III. DISCUSSION

Here, the Court finds Plaintiff made clear his intention to assert a constitutional violation pursuant to Section 1983 for Defendant Davis's denial of dental care in violation of Plaintiff's Eighth Amendment rights. Thus, the Court need not address Defendant Davis's arguments related to a potential state law medical malpractice claim. Similarly, Plaintiff made no request or claim for punitive damages in his Amended Complaint, therefore, the Court need not address Defendant Davis's argument regarding dismissal of punitive damages.

In his Motion, Defendant Davis urges the Court to apply the standard of egregious or outrageous conduct that is "conscience-shocking," but this standard is inapplicable to Plaintiff's claims. (ECF No. 34, p. 2). In prisoner litigation, courts in the Eighth Circuit analyze denial of medical care claims under the deliberate indifference standard of the Eighth Amendment. *See e.g., Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (pretrial detainee has the same rights to medical care under the Due Process Clause as an inmate has under the Eighth Amendment).

To succeed on this type of claim, Plaintiff must demonstrate (1) that he had an objectively serious medical need, and (2) that the Defendants actually knew of, but deliberately disregarded, that serious medical need. *See Ivey v. Audrain Cty., Mo.*, 968 F.3d 845, 848 (8th Cir. 2020). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations omitted). "To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical

need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the [detainee's] health." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal quotations and citations omitted). The Eighth Circuit has stated that this "onerous standard requires a showing more than negligence, more than even gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal quotations and citations omitted).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that these delays adversely affected his prognosis[,]" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (internal quotations omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub v. VonWald*, 638 F.3d 905, 919 (8th Cir. 2011) (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *see also Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (holding a three-week delay, "coupled with knowledge of inmate-patient's suffering, can support a finding of an Eighth Amendment violation").

Considering as true Plaintiff's non-conclusory allegations[2] in his Amended Complaint, the Court finds he has stated sufficient facts – i.e., Defendant Davis was aware Plaintiff was in pain

---

[2] The Court notes it need not consider Plaintiff's additional allegations made in his Response – Defendant Davis denied Plaintiff a dental visit on four separate occasions during the four-week

6

and unable to sleep but still delayed his dentist appointment for thirty (30) days – to establish a denial or delay of medical care claim against Defendant Davis. (ECF No. 9, p. 4). The Eighth Circuit held in *Williams v. York*, that an inmate's right to treatment for serious and painful dental conditions has been clearly established for more than three decades. 891 F.3d 701, 707 (8th Cir. 2018) (citing *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("A three-week delay in dental care, coupled with knowledge of the inmate-patient's suffering, can support a finding of an Eighth Amendment violation under section 1983."); *Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir. 1984) ("failure to provide dental care for three weeks despite knowledge of inmate's sever tooth pain could support a deliberate-indifference claim); *see also Moore v. Jackson*, 123 F.3d 1082, 1086-87 (8th Cir. 1997) (*per curiam*); *Patterson v. Pearson*, 19 F.3d 439, 440 (8th Cir. 1994) (*per curiam*)).

## IV. CONCLUSION

For the foregoing reasons, it is recommended that the Motion to Dismiss (ECF No. 33) filed by Defendant Davis be **DENIED.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

---

delay and the pain prevented Plaintiff from eating – to conclude he has stated a claim upon which relief may be granted. (ECF No. 46, p. 1). Plaintiff's factual allegations contained in his Amended Complaint alone are sufficient.

7

**RECOMMENDED** this 29th day of May 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE