IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY MARTILLUS LEE                                                                                    PLAINTIFF

v.                          Civil No. 4:23-cv-04087-SOH-CDC

CAPTIAN RAMI COX; JEFF BLACK;
and DR. DAVIS                                                                                         DEFENDANTS

## ORDER

Plaintiff, Larry Martillus Lee, originally filed this 42 U.S.C. § 1983 action *pro se* on September 18, 2023 in the Eastern District of Arkansas. The case was transferred to this Court on September 19, 2023. (ECF No. 3). Plaintiff was granted Leave to Proceed *in forma pauperis* on September 25, 2023. (ECF No. 6). Plaintiff then filed his Amended Complaint on October 19, 2023. (ECF No. 9). Currently before the Court are Plaintiff's Motions to Compel Defendants Black and Cox. (ECF Nos. 49, 51). Defendants Black and Cox responded. (ECF No. 55).

### I.  BACKGROUND

In his Amended Complaint, Plaintiff alleges, that while incarcerated in the Lafayette County Detention Center ("LCDC"), in August and September of 2023, his constitutional rights were violated. (ECF No. 9). Plaintiff alleges two claims against three Defendants: Jail Administrator Rami Cox, Sheriff Jeff Black, and Jail Doctor Dr. Davis. (ECF No. 9, pp. 2-3). Plaintiff claims Defendants Cox and Davis denied him medical care when they refused to have his

1

tooth pulled for thirty days. (ECF No. 9, pp. 4-58). Next, Plaintiff claims Defendants Cox and Black violated his constitutional rights when they denied him a nutritionally adequate diet. (ECF No. 9, p. 6). Plaintiff alleges both claims against Defendants in their individual capacities only, and he seeks compensatory damages and injunctive relief. *Id*. at 9.

In his first Motion to Compel, Plaintiff seeks an order compelling Defendants Cox and Black to respond to his requests dated March 6, 2024. Specifically, Plaintiff seeks more complete responses to his Interrogatory Numbers Two, Three, and Six and his Request for Production Numbers One, Two, Three, Four, and Five. Plaintiff also attached his good faith letter to defense counsel pursuant to the Federal Rules of Civil Procedure to his first Motion. (ECF No. 49).

In his second Motion to Compel, Plaintiff seeks a response to his requests dated March 19, 2024. Specifically, Plaintiff argues Defendants failed to respond to his Interrogatory Number Eight, and Request for Production Numbers Nine and Ten. (ECF No. 51). Plaintiff did not attach any further letters in which he attempted to confer in good faith prior to filing his second Motion for Summary Judgment. *Id.*

In their Response to Plaintiff's Motions to Compel, Defendants Cox and Black argue they have fully responded to all outstanding discovery requests from Plaintiff, and Plaintiff is not due any further response under the Federal Rules of Civil Procedure. (ECF No. 55). Defendants did not argue Plaintiff failed to confer in good faith regarding the discovery disputes prior to filing either Motion to Compel. *Id.*

The Court notes Plaintiff initially filed the instant Motions to Compel before discovery deadlines were set in this matter. Then the Court stayed discovery to allow Defendants to raise the issue of exhaustion under the Prison Litigation Reform Act should they wish to do so. (ECF

2

No. 57). Defendants Cox and Black notified the Court on July 17, 2024 that they would not file a motion regarding the issue of exhaustion, and the Court entered an Initial Scheduling Order on July 22, 2024. (ECF Nos. 63, 64). In the Court's Initial Scheduling Order, the discovery deadlines for this case are set. Further, Defendants are ordered to produce initial disclosures to Plaintiff by September 5, 2024. (ECF No. 64). These initial disclosures should include all incident reports documenting incidents referenced in Plaintiff's Amended Complaint, including any color photographs, and video footage, and all medical requests, grievances, and photographs in the Plaintiff's jail file, as well as any written policies, which relate to the facts recited in Plaintiff's Amended Complaint. *Id.*

## II.   APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > i. The discovery sought is unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> >
> > ii. The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

3

      iii. The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, under rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

      The burden is generally on the party resisting discovery to show why discovery should be limited. *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or overly burdensome, overly broad, or oppressive. *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

      Under Rule 26(c)(1), a party "may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such an order may forbid the disclosure or discovery. *See,* Rule 26(c)(1)(A).

### III.    DISCUSSION

      In both Motions, Plaintiff list the specific requests he seeks further response to, but he does not list what additional information he seeks in response to each request. In his first Motion, Plaintiff argues Defendants Cox and Black failed to answer certain interrogatories and production of documents and seeks "a complete answer to discovery." (ECF No. 49, p. 1). In his second Motion, Plaintiff seeks an order compelling Defendants Cox and Black to "answer fully" his discovery request. (ECF No. 51, p. 1).

      The Plaintiff provided the Court with the discovery requests and Defendants' responses at

issue:

> REQUEST FOR PRODUCTION NO. 1: List any documents (reports, written statements, etc.) in Defendants' possession that relate to this case.
> ANSWER: Objection.  This Request for Production cannot be answered as asked. Subject to and without waiving said objection, see attached weekly menu for Lafayette County Detention Center, Plaintiff's arrest and booking information, requests and grievances submitted by Plaintiff, and inmate medication history.
>
> INTERROGATORY NO. 2: If an inmate at the Lafayette County Jail has a dental problem, what's the procedure to get dental care.
> ANSWER: Inmates submit a medical request on the kiosk, and Dr. Davis sees the inmate and determines if the inmate needs to see a dentist.
>
> REQUEST FOR PRODUCTION NO. 2: List all medical request and grievance plaintiff wrote about medical care and provide dates and times.
> ANSWER: Objection. This Request for Production cannot be answered as asked.   Subject to and without waiving said objection, see Plaintiff's requests and grievances attached.
>
> REQUEST FOR PRODUCTION NO. 3: I [want] the food menu for the year of 2023 and the name of the dietitian that prepared the menu.
> ANSWER: See attached.
>
> INTERROGATORY NO. 3: What is the grievance procedure in the Lafayette County Jail.
> ANSWER: See attached grievance procedure.
>
> REQUEST FOR PRODUCTION NO. 4: List all requests and grievances Plaintiff wrote on receiving and inadequate diet and dates and times.
> ANSWER: Objection.  This Request for Production cannot be answered as asked. Subject to and without waiving said objection, see Plaintiff's requests and grievances attached.
>
> REQUEST FOR PRODUCTION NO. 5: List all oral or written statements made by any inmate or jail [personnel] that would be to defendants benefit in this case?  If so, who made each statement and when?
> ANSWER: Objection.  This Request for Production cannot be answered as asked. Subject to and without waiving said objections, Defendants are unaware of any oral or written statements.
>
> INTERROAGORY NO. 6: List Lafayette County Jail grievance policy.
> ANSWER: Objection.   This Interrogatory has been asked and answered.   Subject to and without [waiving] said objection, see Response to Interrogatory No. 3.

(ECF No. 49, pp. 3-5) (errors in original).

5

<u>INTERROGATORY NO. 8:</u> Send me the handbook for the Lafayette County Jail.
<u>ANSWER:</u> See attached.

<u>REQUEST FOR PRODUUCTION NO. 9:</u> Send all grievance Plaintiff [sic] wrote on paper in the Lafayette County Jail in 2023.
<u>RESPONSE:</u> Objection. This Request for Production is vague, assumes facts not in evidence, and cannot be answered as asked. Subject to and without waiving said objection, there are no documents that are responsive to Plaintiff's Request.

<u>REQUEST FOR PRODUCTION NO. 10</u>: What is the grievance procedure for [an inmate] on lock down or without access to kiosk.
<u>RESPONSE:</u> Objection. This Request for Production is vague, assumes facts not in evidence, seeks information that is not relevant to the instant lawsuit pertaining to Plaintiff's medical care, and cannot be answered as asked. Subject to and without waiving said objection, see Response to Plaintiff's Interrogatory Nos. 3 and 6 received March 8, 2024.

(ECF No. 51, pp. 2-3) (errors in original).

Defendants Cox and Black responded to each of these requests listed by Plaintiff. Therefore, Plaintiff's complaint is not that Defendants refused to respond to his request, just that they did not fully or completely respond. However, Plaintiff did not provide the Court with any specific document or specific information omitted by Defendants' responses, nor did he provide the Court with the documents Defendants attached to their responses. Based on the current information provided, the Court cannot determine what additional discovery responses Plaintiff seeks. The Court cannot compel a vague or general production as requested by Plaintiff in his Motions.

## IV.  CONCLUSION

Accordingly, Plaintiff's Motions to Compel (ECF Nos. 49, 51) are hereby **DENIED WITHOUT PREJUDICE** at this time. Plaintiff is directed to review the initial disclosures produced by Defendants pursuant to the Initial Scheduling Order (ECF No. 64), and then determine if he is still in need of further discovery production. If so, he may then resubmit a Motion to

6

Compel listing the specific documents or information Defendants have failed to produce in response to his requests and good faith efforts.

      **IT IS SO ORDERED** this 29th day of July 2024.

                                       /s/ *Christy Comstock*
                                       HON. CHRISTY COMSTOCK
                                       UNITED STATES MAGISTRATE JUDGE